Singh v. Holder

BIA
Morace, IJ
A088 017 706

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand thirteen.

PRESENT:
          GUIDO CALABRESI,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                *Circuit Judges.*
_____

Juzar Singh,
          *Petitioner,*

          v.                                    12-912
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Jennifer Paisner-
                         Williams, Senior Litigation Counsel;
                         Jesse M. Bless, Trial Attorney,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Juzar Singh, a native and citizen of India, seeks review of a February 8, 2012, decision of the BIA affirming the July 13, 2010, decision of Immigration Judge ("IJ") Philip L. Morace, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juzar Singh*, No. A088 017 706 (B.I.A. Feb. 8, 2012), *aff'g* No. A088 017 706 (Immig. Ct. N.Y. City July 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *see also Xiu Xia Lin v. Mukasey*, 534

F.3d 162, 165-66 (2d Cir. 2008) (per curiam).  For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  Substantial evidence supports the agency's adverse credibility determination and that determination formed an adequate basis for denying relief.

In finding Singh not credible, the agency reasonably relied on several discrepancies in the record.  *See Xiu Xia Lin*, 534 F.3d at 167.  First, as the agency noted, Singh initially told border crossing officials that he had come to the United States to work, that he had never been arrested in India, and that he had no reason to fear returning, yet he subsequently applied for asylum, claiming past persecution and a fear of future harm in India on account of his religion and his political associations.  As required, the agency considered Singh's explanation that he was afraid during his initial encounter with immigration officials, *see*

3

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004), but nevertheless reasonably relied to some extent on this discrepancy because the totality of the circumstances demonstrated that Singh was not credible, particularly in light of numerous other inconsistencies in the record. *See Xiu Xia Lin*, 534 F.3d at 167.

As the agency noted, Singh's testimony at trial differed from the statements he made during his credible fear interview with respect to the duration of his three detentions, the harm suffered during each detention, and the medical treatment received following the detentions. Moreover, Singh's credible fear interview bore the "hallmarks of reliability," *see Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009), and a reasonable factfinder would not be compelled to credit Singh's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Having questioned Singh's credibility, the agency did not err in finding that he failed to present sufficient evidence to rehabilitate his testimony. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Indeed, as the agency found, although Singh had over two

4

years to produce corroborating witnesses, he failed to do so at the time of trial. Furthermore, the record does not compellingly suggest that the IJ failed to adequately consider any material evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. The adverse credibility determination is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5